UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JACKSON NATIONAL LIFE INSURANCE COMPANY,<br><br>　　　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>SCOTT CALLENDER, et al.,<br><br>　　　　　　　　　　　　Defendant(s). | Case No 2:23-CV-1042 JCM (EJY)<br><br>ORDER |

Presently before the court is interpleader-plaintiff Jackson National Life Insurance Company ("Jackson")'s motion to dismiss itself from this action with prejudice. (ECF No. 26). Defendant Chad Callender filed a notice of non-opposition to Jackson's motion (ECF No. 28), while defendant Scott Callender did not respond to the motion.

Also before the court is defendant Chad Callender's motion for summary judgment. (ECF No. 25). Jackson filed a response (ECF No. 29), to which Chad Callender replied (ECF No. 31).

**I.  Background**

This is an interpleader action in which Jackson seeks the court's determination of the proper beneficiary of a death benefit in connection with an individual annuity owned by Laura Lee Callender (the "owner").

Originally, the annuity listed the owner's son Scott Callender ("Scott") as the sole primary beneficiary. (ECF No. 1 at 1). The owner then executed a durable power of attorney of management and personal affairs (the "POA") and appointed her other son, Chad Callender

("Chad"), as agent. (*Id.*). Subsequently, Jackson received the POA in conjunction with an annuity service request in which Chad, as agent, asked that the annuity beneficiary be changed to "FTHHPLV Trust." (*Id.* at 2). Jackson responded to Chad and acknowledged that he had been added to the annuity as POA, but Jackson did not change the beneficiary on the annuity. (*Id.*).

Following the owner's death, a dispute arose between the FTHHPLV Trust and Scott regarding which party was entitled to the proceeds, which had a value of $104,500.37. (*Id.* at 1, 2-3). On January 2, 2023, Chad submitted a claim for the proceeds individually, to which Jackson responded that Chad was not the beneficiary of record. (*Id.* at 2-3). Later that month and also in March of 2023, Chad's attorney sent letters to Jackson arguing that (1) Chad is the successor trustee of the FTHHPLV trust, (2) no distribution of the proceeds should be made absent a court order, and (3) the FTHHPLV trust should be the sole beneficiary of the annuity. (*Id.* at 4).

After receiving the second letter from Chad's attorney, Jackson contacted Scott, who did not agree to waive his claim to the proceeds, thereby prompting Jackson to file this interpleader action. (*Id.*). On August 30, 2023, the magistrate judge granted Jackson's motion for leave to deposit funds with the court. (ECF No. 19). Jackson deposited the proceeds, which the court acknowledged in a certificate of cash deposit. (ECF No. 24).

Jackson now moves to dismiss itself from this action with prejudice. (ECF No. 26). Because neither Chad nor Scott oppose the motion, the court grants Jackson's motion to dismiss.

Chad Callender moves the court for summary judgment, although his motion does not seek relief against Jackson. (ECF No. 26).

By granting the motion to dismiss, the court does not maintain jurisdiction over this case, as Jackson is no longer a party to the action and thus there is no live case or controversy. Accordingly, Chad Callender's motion for summary judgment is dismissed.[1]

**II.     Legal Standard**

    a.   <u>Interpleader motions to dismiss</u>

"In an interpleader action, the 'stakeholder' of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992).

"Under the federal interpleader statute, 28 U.S.C. § 2361, a disinterested plaintiff who deposits the entire disputed fund with the court may be discharged from further liability, leaving the remaining claimants to resolve their dispute." *Genworth Life & Annuity Ins. Co. v. Ruckman*, No. 2:18-cv-01470-JCM-VCF, 2019 WL 6255480 at *2 (D. Nev. Nov. 22, 2019) (citing 28 U.S.C. § 2361 ("[s]uch district court shall hear and determine the case, and may discharge the plaintiff from further liability. . . .")).

In this court, "the deadline to file and serve any points and authorities in response to the motion is fourteen (14) days after service of the motion" and "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." LRs 7-2(b), (d).

. . .

---

[1] The court chooses to use the term "dismiss" instead of "deny" in regard to Chad Callender's motion for summary judgment, because denying the motion for summary judgment would imply that the court made a determination on its merits. It has not. The court dismisses the motion for summary judgment because it does not have jurisdiction to adjudicate it, as there is no live case or controversy.

     b.  <u>Motions for summary judgment</u>

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed*., 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id*.

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc*., 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id*.

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp*., 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not

consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

The Ninth Circuit has held that information contained in an inadmissible form may still be considered for summary judgment if the information itself would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. City of Los Angeles*, 253 F.3d 410,

418-19 (9th Cir. 2001)) ("[t]o survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rule of Civil Procedure 56.").

**III.    Discussion**

  A.  Interpleader motion to dismiss

The court grants Jackson's motion to dismiss. Chad Callender filed a notice of non-opposition, thus consenting to the court's granting the motion. (ECF No. 28). Furthermore, Scott Callender failed to file a response to the motion, which also constitutes consent to granting the motion. *See* LRs 7-2(b), (d).

Jackson requests that it be discharged from further liability and defendants be restrained from instituting any other suit that derives from this action in any federal or state jurisdiction. (ECF No. 26 at 3-4). Under 28 U.S.C. § 2361, a district court may restrain claimants "from instituting or prosecuting any proceeding in any [s]tate or United States court affecting the property, instrument [,] or obligation involved in the interpleader action until further order of the court" and "discharge the plaintiff from further liability." *Genworth Life & Annuity Ins. Co.*, 2019 WL 6255480, at *3.

In addition to defendants' failure to respond to Jackson's motion, Jackson is also entitled to dismissal with prejudice because it has complied with its obligations under the Federal Interpleader Act. Jackson deposited the proceeds with the court, as required by statute. (ECF No. 24). The court therefore grants Jackson's motion to dismiss.

  B.  Motion for summary judgment

Because the court grants Jackson's motion to dismiss with prejudice, it does not have jurisdiction to adjudicate Chad Callender's motion for summary judgment.

A case or controversy exists when both the plaintiff and defendant have a "personal stake" in the lawsuit. *Camreta v. Greene*, 563 U.S. 692, 701 (2011). If either the plaintiff or defendant ceases to have a legally cognizable interest in the outcome of the litigation, there is no longer a live case or controversy. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982).

The court's dismissal of Jackson as the interpleader-plaintiff extinguishes the case or controversy. Moreover, Jackson is a disinterested stakeholder because it makes no claim to the proceeds. (ECF No. 1 at 5-6). The court therefore denies Chad Callender's motion for summary judgment as moot.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that interpleader-plaintiff Jackson National Life Insurance Company's motion to dismiss (ECF No. 26) be, and the same hereby is, GRANTED.

Interpleader-plaintiff Jackson National Life Insurance Company is dismissed from this case WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant Chad Callender's motion for summary judgment (ECF No. 25) be, and the same hereby is, DENIED AS MOOT.

The clerk is instructed to close this case.

DATED July 3, 2024.

_____
UNITED STATES DISTRICT JUDGE